# United States Court of Appeals
## For the First Circuit

No. 08-1830

UNITED STATES,

Appellee,

v.

ERNESTO CIRILO-MUÑOZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Stahl and Lipez,
Circuit Judges.

Rafael Anglada-López on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Julia M.
Meconiates, Assistant U.S. Attorney, and Rosa Emilia Rodriguez-
Velez, United States Attorney, on brief for appellee.

September 4, 2009

**Per Curiam**.  Upon remand from this court, see United States v. Cirilo-Muñoz, 504 F.3d 106 (1st Cir. 2007), Ernesto Cirilo-Muñoz was resentenced to the statutory mandatory minimum sentence of 240 months.  Cirilo-Muñoz once again appeals.

He asks, in conclusory fashion, that we declare the statutory mandatory minimum unconstitutional as applied to him, but he supplies no supporting argument.  He did not present a constitutionally-based argument below so the claim is waived.

The argument that Cirilo-Muñoz did raise below and which he reiterates in somewhat fleeting fashion here is unavailing. Courts have uniformly rejected the claim that § 3553(a)'s "no greater than necessary" language authorizes a district court to sentence below the statutory minimum.  See United States v. Samas, 561 F.3d 108, 110-111 (2d Cir. 2009), petition for cert. filed, (U.S. Jun. 22, 2009) (No. 08-11058); United States v. Huskey, 502 F.3d 1196, 1200 (10th Cir. 2007); United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007); United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007).

There being neither error of law nor abuse of discretion in the imposition of the statutory mandatory minimum sentence, the judgment of the district court entered on June 12, 2008 is affirmed.

**- Concurring Opinion Follows -**

**TORRUELLA**, <u>Circuit Judge</u> **(concurring in the judgment).**
This case, and its outcome, is a notorious example of oppressive injustice culminating in an outrageous adjudication. It is a stain on the robes of American justice. Appellant Cirilo-Muñoz was convicted of aiding and abetting the murder of an on-duty police officer. He was convicted even though his co-defendant Lugo-Sánchez, the murderer himself, who initially tried to pin Cirilo-Muñoz for the murder and was the government's star witness, "testified unequivocally that Cirilo[-Muñoz] had no advance knowledge about his plan to murder . . . and did not assist him in committing the murder in any way." <u>United States</u> v. <u>Mangual-Corchado</u>, 139 F.3d 34, 50 (1st Cir. 1998) (McAuliffe, J., dissenting). We are now called upon to affirm the imposition of a harsh mandatory minimum sentence, which only compounds the injustice caused by Cirilo-Muñoz's conviction. Because I have taken an oath to uphold the law irrespective of my personal views, I am left without a principled choice in this appeal other than to concur, and, in the process, register my most vehement disagreement with the warped outcome of this case.

As I have previously expressed elsewhere, there are many aspects of this case's long and troubled history that call into question the fairness of our criminal justice system. <u>See</u> <u>United States</u> v. <u>Cirilo-Muñoz</u>, 504 F.3d 106 (1st Cir. 2007) (decision of Torruella, J.); <u>Cirilo-Muñoz</u> v. <u>United States</u>, 404 F.3d 527, 533-37

-3-

(1st Cir. 2005) (Torruella, J., concurring). Chief among these defects is a mistake made by our own court eleven years ago when it found the evidence at trial sufficient to establish that Cirilo-Muñoz had foreknowledge that his accomplice would kill the undercover officer. Manqual-Corchado, 139 F.3d at 44-49. The error of this decision is cogently and thoroughly expressed by Judge McAuliffe in his dissent. See id. at 49-56.

Were I on the original panel in Manqual-Corchado, I would have voted to vacate Cirilo-Muñoz's conviction. Were the issue brought before us again, I would vote to revisit that decision; the finding that the evidence was sufficient is so "obviously wrong" as to rise to the level of "manifest injustice" vitiating the law of the case doctrine. See Ellis v. United States, 313 F.3d 636, 647-48 (1st Cir. 2002); see also Conley v. United States, 323 F.3d 7, 13 (1st Cir. 2003) (en banc) (Boudin, C.J.) ("Law of the case is not a straight jacket but can be avoided -- at the discretion of the court that made the invoked ruling -- on several different bases."); cf. id. at 14 (distinguishing precedent limiting restrictions on post conviction review where only "intra-federal proceedings" are involved).[1] But the sufficiency of the evidence

---

[1]For a full review of the tortuous procedural history of the Conley saga, a situation not totally irrelevant to the present case, see United States v. Conley, 186 F.3d 7 (1st Cir. 1999) "Conley I"), cert. denied, 529 U.S. 1017 (2000); United States v. Conley, 103 F. Supp. 2d 45 (D. Mass. 2000) ("Conley II"); United States v. Conley, 249 F.3d 38 (1st Cir. 2001) ("Conley III"); Conley v. United States, 164 F. Supp. 2d 216 (D. Mass. 2001)

-4-

supporting Cirilo-Muñoz's conviction is not the issue presented in this appeal, and I see no way, under the present posture of this case, to reopen his conviction, unless he were to develop grounds for filing a new collateral challenge. See Calderón v. Thompson, 523 U.S. 538 (1998); see also In re Davis, 2009 WL 2486475 (U.S. Aug. 17, 2009) (appellant's original petition for writ of habeas corpus remanded to district court to consider alleged new evidence of innocence, eighteen years after conviction for murder of a police officer).[2]

_____

("Conley IV").

[2]I note that In re Davis, although distinguishable in material respects, does offer Cirilo-Muñoz a glimmer of hope at achieving relief from his improper conviction. Davis involves an eighteen-year-old state conviction, in which the petitioner on a subsequent petition for collateral review claimed mere presence during the murder of a police officer, supported by new evidence in the nature of several exculpatory affidavits not presented at trial. In dissent, Justice Scalia questioned whether any of "the allegedly new evidence" was in fact new, as it had "already been considered (and rejected) multiple times." Id. at *2-4 (Scalia, J., dissenting).

Although Cirilo-Muñoz presents no new evidence of actual innocence here, the fact that the Supreme Court is willing to revisit a conviction even older than Cirilo-Muñoz's provides some hope that the Supreme Court (or even our court) would revisit Cirilo-Muñoz's conviction should he procure new evidence of his actual innocence. See 28 U.S.C. § 2244(b)(3)(A) (outline grounds for filing second or successive habeas petition with court of appeals). In fact, if Justice Scalia's claim is true, then Davis leaves open just how "new" the evidence has to be to permit a court to review Cirilo-Muñoz's conviction.

In again registering my concern with his conviction, I can only invoke (and not improve on) the words of Judge Easterbrook:

> Nothing we do as judges in criminal cases is more important than assuring that the innocent go free. . . . False accusations of crime must be caught by prosecutor and petit jury; we cannot reverse a conviction just because the main witnesses may have been confused or, worse, [are] liars. Now and again, however, a case arrives in which something transparently has gone wrong, and we must act. Every time we reverse a conviction on account of insufficient evidence, we avert many more . . . .

United States v. Martínez de Ortiz, 883 F.2d 515, 524 (7th Cir. 1989) (Easterbrook, J. concurring); rehearing granted; judgment vacated, 897 F.2d 220 (7th Cir. 1990); superseded by 907 F.2d 629 (7th Cir. 1990) (en banc).

What we are presented in this appeal raises a fresh and separate injustice. The twenty-year mandatory minimum sentence imposed on Cirilo-Muñoz is yet another example of the imprecise and overly harsh application of our restrictive sentencing regime. See United States v. Poland, 562 F.3d 35, 43 (1st Cir. 2009) (Torruella, J., concurring) (criticizing the mandatory minimum in that case, stating "[i]n the real life scenario of sentencing, such a regime makes little sense because it takes away much of the discretion from where it should be, those on the front lines of the criminal justice system"). This regime imposes a mandatory minimum sentence on Cirilo-Muñoz that is three years longer than that imposed on Lugo-Sánchez, the one who actually orchestrated and

-6-

committed the murder. Cf. Cirilo-Muñoz, 504 F.3d at 126 (Torruella, J.) (remanding for resentencing, in part, because "[e]ven in our legal system, the cases that are reported do not support the disparity extant in this case between Cirilo-Muñoz, a minor aider and abettor, and Lugo[-Sánchez], the principal and murderer").

The district court's comments at sentencing encapsulate the absurdity of this case:

> The Court has reviewed the record in this case and finds that this defendant, in this case, especially concerning the evidence that was presented at trial, had a mitigating [sic] role. Defendant had lack -- according to the evidence, and for sentencing purposes, had lack of prior knowledge of Mr. Lugo[-Sánchez]'s plans and intentions to kill the undercover police officer. In fact, the defendant turned down two of Mr. Lugo[-Sánchez]'s invitation's to injure the victim in this case. Moreover, defendant was nowhere in the vicinity when Mr. Lugo[-Sánchez] killed the victim. Lastly, Mr. Lugo[-Sánchez] testified that he did not know the defendant had followed him and that he did not ask him to do so.

The district court made these findings on a preponderance of the evidence standard, which only underscores that the evidence was insufficient to convict Cirilo-Muñoz in the first place. But, the district court was further straight-jacketed by the mandate of Congress into imposing the statutory minimum of twenty years imprisonment. And we are similarly straight-jacketed into affirming that sentence.

A series of coincidences have laid bare a system of law, which in Cirilo-Muñoz's particular circumstances has failed to protect him from the oppressive power of government and its bureaucracy. The result is that a seventeen-year-old adolescent has been condemned to spending his entire adult life incarcerated in a federal prison. To this wrongful outcome have contributed all three branches of government, with Congress making its contribution on this appeal through its draconian mandatory minimums.

Our prior decisions and the laws passed by Congress command this result, which I must obey. I write this opinion so that this injustice is not forgotten in our otherwise summary disposal of Cirilo-Muñoz's appeal. His case calls out for clemency and relief, and should serve to remind us both of the flaws in our system of adjudicating guilt and the dangers of mandatory minimums.

I thus concur in the judgment.