UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Laura SNELL, Defendant–Appellant, Cross–Appellee.

Nos. 90–4003, 90–4007.

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1990.

Dee Benson, U.S. Atty. and Tena Campbell, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee, cross-appellant.

Randall Cox, Salt Lake City, Utah, for defendant-appellant, cross-appellee.

Before TACHA and McWILLIAMS, Circuit Judges, and NOTTINGHAM, District Judge.**

McWILLIAMS, Circuit Judge.

Laura Snell and two co-defendants, Phillip A. Parrish and Greg Efron, were charged in a multi-count indictment with various drug-related offenses. On July 12, 1989, Snell was convicted by a jury on Count 5 of that indictment[1] charging her and the two co-defendants with aiding and abetting each other on March 29, 1989, to knowingly attempt to possess with an intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

846; and 18 U.S.C. § 2. Because of the quantity of cocaine involved, such conviction carried with it a minimum mandatory sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

Prior to sentencing, the district court ordered the parties to submit memoranda addressing the question of whether 18 U.S.C. 3553(e) and § 5K1.1 of the United States Sentencing Comm'n, Guidelines Manual (hereinafter referred to as Guidelines) violated the separation of powers doctrine. 18 U.S.C. § 3553(e) provides that "upon motion of the government" that a defendant in a criminal proceeding has given "substantial assistance in the investigation or prosecution of another person who has committed an offense," a district court shall have the authority to impose a sentence below the level established by statute as the minimum sentence. Guidelines § 5K1.1 implements the statute, stating that "[u]pon motion of the government" that a defendant in a criminal proceeding "has made a good faith effort to provide" such "substantial assistance," a district court may depart from the sentence otherwise provided by the guidelines.[2]

After counsel had submitted their memoranda as ordered by the district court, a hearing was held on October 25, 1989, at the conclusion of which the district court held that the aforesaid statute and guideline violated the separation of powers doctrine. A written order was signed on November 13, 1989, declaring the statute and the guideline unconstitutional because each violated the separation of powers doctrine.

Even though the government never filed a motion under 18 U.S.C. § 3553(e) or Guidelines § 5K1.1, the district judge held an evidentiary hearing on December 5, 1989, to determine whether Snell had in

** Honorable Edward W. Nottingham, United States District Judge for the District of Colorado, sitting by designation.

1. The indictment was renumbered for purposes of the trial. Count 5 was originally Count 25.

2. Effective November 1, 1989, Guidelines § 5K1.1 was amended by deleting "made a good faith effort to provide" and inserting in lieu thereof "provided."

fact "made a good faith effort to provide substantial assistance" to the government. Thereafter, at Snell's sentencing on December 18, 1989, the district court determined that Snell had made a good faith effort to give substantial assistance to the government, and on that basis departed downward from the minimum mandatory five-year sentence and sentenced Snell to two years imprisonment. The government cross-appeals the sentence imposed. Our Appeal No. 90–4007.

After the jury had returned its verdict, but before sentencing, Snell filed a motion for a judgement of acquittal, or, in the alternative, for a new trial. The district court denied that motion and Snell appeals the order denying her motion. Our Appeal No. 90–4003.

### Government's Cross–Appeal
### (No. 90–4007)

The government argues that neither 18 U.S.C. § 3553(e) nor Guidelines § 5K1.1 violates the separation of powers doctrine, and that since it did not file a motion under the statute or the guideline, the district court was without authority to depart downward from the minimum mandatory five-year sentence. In connection with this appeal, Snell first contends that the government's notice of appeal was untimely. We do not agree.

As indicated, the district court orally declared the statute and guideline unconstitutional on October 25, 1989, and followed that up with a written order on November 13, 1989, to the same effect. The government's notice of appeal was filed on January 3, 1990, which, as counsel points out, is more than thirty days from either October 25, 1989, the date of the oral order, or November 13, 1989, the date of the written order.[3]

■ The government argues that since sentence was not imposed until December 18, 1989, its notice of appeal filed on January 3, 1990, was within the thirty-day period prescribed by Rule 4(b) of the Federal Rules of Appellate Procedure. According to the government, it could not have appealed the oral order of October 25, 1989, or the follow-up written order of November 13, 1989, since no final judgment had yet been entered in the case. We agree with the government.

An appeal in a criminal proceeding is not permitted until a defendant has been convicted and sentenced, except for certain interlocutory orders, none of which is involved in the present case. *See Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288 (1983), where the Supreme Court, citing *Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940), noted that "[f]inality as a condition of review is an historic characteristic of federal appellate procedure" and that "the jurisdictional statute applicable to this case [28 U.S.C. § 1291] limits the jurisdiction of the courts of appeals to appeals from 'final decisions of the district courts.'"[4] In *United States v. Thompson*, 814 F.2d 1472 (10th Cir. 1987), *cert. denied*, 484 U.S. 830, 108 S.Ct. 101, 98 L.Ed.2d 61 (1987), we stated that "[i]n a criminal case, a decision is not final until both conviction and imposition of sentence." *Id.* at 1474 (citing *Flanagan*, 465 U.S. at 263, 104 S.Ct. at 1053). Hence, the government's notice of appeal was timely and we have appellate jurisdiction to review all issues raised by the government.

■ As indicated, in its cross-appeal, the government challenges the sentence imposed on Snell. Recent cases in this Court indicate quite clearly that the district court erred in holding 18 U.S.C. § 3553(e) and Guidelines § 5K1.1 unconstitutional. In *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir.1990), we upheld the constitutionality of Guidelines § 5K1.1. In so doing,

---

**3.** Rule 4(b) of the Federal Rules of Appellate Procedure requires the government to file a notice of appeal, when the government is authorized by statute to appeal, within thirty days after the entry of judgment or order appealed from.

**4.** 28 U.S.C. § 1291 provides, in pertinent part, that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court."

we held that the guideline did not violate due process and we stated that the additional argument that the guideline violated the separation of powers doctrine was "merely a variant of the due process claim." In line with *Kuntz*, this Court in *United States v. Sorensen*, 915 F.2d 599 (10th Cir.1990) and *United States v. Deases*, 918 F.2d 118 (10th Cir.1990) upheld 18 U.S.C. § 3553(e) when challenged on a wide variety of constitutional grounds.

In sum, since 18 U.S.C. § 3553(e) and Guidelines § 5K1.1 are both constitutional, and the government did not file a motion under either the statute or the guideline, the district court could not depart downward from the minimum mandatory sentence of five years. Accordingly, the sentence must be vacated and the case remanded for resentencing.

### Snell's Appeal (No. 90–4003)

Snell claims that the district court erred in denying her post-trial motion for judgment of acquittal or new trial. In this regard, it is counsel's position that any activity on the part of Snell did not "rise" to the level of aiding or abetting either Parrish or Efron, or both, in their attempt to possess with an intent to distribute one kilogram of cocaine. We disagree.

The one count upon which Snell was convicted was based on events occurring on March 29, 1989. On that date an undercover agent went to an apartment occupied by Efron and Snell ostensibly to sell Efron one kilogram of cocaine.[5] Both Efron and Snell were present. Efron left the apartment and went to the undercover agent's automobile where the agent showed Efron the cocaine. A discussion arose as to whether Efron could take the cocaine and return with the purchase money, Efron indicating that his "source" was in the apartment with the money. In any event, the agent and Efron returned to the apartment, the agent stating that he would have to see the money before surrendering the cocaine.

While in the apartment, Snell went into a bedroom and returned with approximately $14,870 in currency, which she placed on a kitchen table. The actual sale was aborted when police moved in and arrested Efron, Snell and Parrish, who was hiding in the bedroom. A loaded .45 calibre handgun was also found in the bedroom.

In *United States v. Taylor*, 612 F.2d 1272, 1275 (10th Cir.1980), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1060, 62 L.Ed.2d 782 (1980), we stated that "[t]o be guilty of aiding and abetting, the defendant must be found to have willfully associated himself ... with a criminal venture by showing that he has joined the enterprise as something he wishes to bring about and by seeking to make it succeed by some action on his part." However, one need not have an active stake in the outcome of the crime to be convicted of aiding and abetting. *Id.* (citing *Wyatt v. United States*, 388 F.2d 395, 400 (10th Cir.1968)). "It is necessary only that the defendant knowingly associated himself in some way with the criminal venture in order to be an aider and abetter." *Taylor*, 612 F.2d at 1275 (citing *Nye & Nissen v. United States*, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949)).

In our view, the evidence in the instant case does amply "rise" to the level of aiding and abetting. Under 18 U.S.C. § 2 whoever aids or abets another in the commission of an offense against the United States is punishable as a principal.

In No. 90–4003, the judgment of conviction is affirmed.

In No. 90–4007, the sentence is vacated, and the case remanded for resentencing.

---

5. This transaction was arranged on March 23, 1989, when the same undercover agent offered to sell Efron one kilogram of cocaine. Snell was present at this meeting and heard Efron tell the undercover agent that he could not afford to buy that much cocaine, but that his source might be interested.