FILED
United States Court of Appeals
Tenth Circuit

September 18, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

No. 06-3183

TERRY HUSKEY,

      Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 05-CR-20024-JWL)**

---

Eric R. Gray, Assistant United States Attorney (Eric F. Melgren, United States Attorney and Leon Patton, Assistant United States Attorney, with him on the brief), Kansas City, Kansas, for Plaintiff - Appellee.

Carl E. Cornwell, Cornwell and Scherff, Olathe, Kansas, for Defendant - Appellant.

---

Before **O'BRIEN, HOLLOWAY** and **McCONNELL**, Circuit Judges.

---

**HOLLOWAY,** Circuit Judge.

Defendant-appellant Terry Huskey was one of four defendants charged with methamphetamine trafficking in a four count indictment. Huskey was named in two of the four counts. He was charged with conspiracy to distribute 50 grams or more of

methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) and 18 U.S.C. §§ 2 & 846; and with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) and 18 U.S.C. § 2. He entered a plea of guilty to both counts against him without any plea agreement with the prosecution. Because the only issues raised on appeal address the sentence, not the convictions, it is not necessary to extensively detail the underlying facts. However, we note that Huskey admitted responsibility for some 277 grams of methamphetamine mixture of 75% purity that officers had seized. Additionally, Huskey reportedly admitted to having dealt approximately 12 pounds of methamphetamine over a period of some nine months prior to his arrest.

The presentence report prepared to assist the court in determining Huskey's sentence found that the advisory Guidelines range was 151 to 188 months, but that the sentence could not be within that range because Huskey was subject to a mandatory life sentence on each count under 21 U.S.C. § 841(b)(1)(A). That statute provides in pertinent part that a person convicted of a drug felony "after two or more prior convictions for a felony drug offense have become final" is subject to a mandatory life sentence without release, as well as a fine.

The district judge sentenced Huskey in accordance with the mandatory statutory provision to concurrent terms of life imprisonment without release on each count (to be served consecutively to a previous sentence) and to pay the mandatory special assessment of $100 per count. No fine was imposed.

**I**

Mr. Huskey now brings this direct criminal appeal in which only the sentence is at issue. Huskey argues that he should not have been subject to the mandatory life sentence because one of his prior convictions should not have been counted as a previous drug felony; that the mandatory minimum sentence should not have been imposed because mandatory minimum sentences conflict with the statutory command to trial judges to consider the factors set out in 18 U.S.C. § 3553(a) in arriving at their sentencing decisions; and that his life sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment.

**A**

One of defendant's prior convictions was for attempted possession of cocaine in state court in Kansas. Huskey concedes that this offense was a felony, but he contends that it was not a "drug offense" within the meaning of 21 U.S.C. § 841(b)(1)(A). This presents an issue of statutory interpretation, which we would ordinarily review de novo. *See, e.g., United States v. Telluride Co.*, 146 F.3d 1241, 1244 (10th Cir. 1998). In this case, however, Huskey concedes that the issue was not raised in the district court. Consequently, we review only for plain error. We apply a four-pronged standard in determining whether we may notice and correct plain error:

> [T]he error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome of the trial. . . . Given plain error that affects substantial rights, an appellate court should exercise its discretion and notice such error where it either (a) results

in the conviction of one actually innocent, or (b) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Keeling*, 235 F.3d 533, 538 (10th Cir. 2000) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (internal citations omitted).

The sentencing provision at issue in this appeal is part of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. The Act provides this definition that we must apply here: "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Huskey contends that his prior conviction in Kansas state court for attempted possession of cocaine was not under a law that restricts conduct relating to narcotic drugs because of the language of the state statute under which he was convicted.

The Kansas statute at issue is a generally worded statute that covers attempts to commit any crime, and includes this definition: "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." Kan. Stat. Ann. § 21-3301(a). In another subsection, the statute references the state's sentencing guidelines with this provision: "An attempt to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months." Kan. Stat. Ann. § 21-

-4-

3301(d).

Huskey invokes the rule of lenity and argues that the universally applicable Kansas attempt statute, not being limited to drug crimes, cannot be the basis for the sentencing enhancement provisions of the Controlled Substances Act. Huskey declares this assertion demonstrates that the district court committed error that was plain, satisfying the first two prongs of the *Olano* plain error test. We disagree.

We are not persuaded that the trial court committed any error, but we leave that question for another day and decide this appeal on the second prong of the *Olano* analysis. Assuming *arguendo* that the construction of the Kansas attempt statute as a felony drug offense was error, we hold that any error was not obvious. Huskey has not cited, and we have not found, any decision adopting his argument. In the absence of any authority in support of his argument, it seems to us that Huskey could demonstrate plain error only by showing that the construction of the state law that he advances is the sole reasonable one.[1] But we conclude that the language of the statute falls far short of the kind of clarity that would be needed to support such a contention.

That the statute's language applies to all sorts of crimes, and not *only* drug crimes, provides at most weak support for this argument, in our view. The statute is plainly intended to and does cover all types of criminal conduct. That it includes drug offenses is explicitly shown in subsection (d), quoted *supra*, regarding how to "score" attempts to commit drug offenses in the state's guideline sentencing system. It is not even clear to us

---

[1]We assume without deciding that plain error could be shown in this way.

that the construction Huskey proposes is the better one, a decision that we need not and do not make. Instead, we simply conclude that the district court's decision to regard Huskey's Kansas attempt conviction as a felony drug offense for purposes of the sentencing enhancement at issue was not an error that was plain or obvious, if error at all.

**B**

Huskey asserts that the mandatory minimum life sentence provision under which he was sentenced conflicts with 18 U.S.C. § 3553(a). This is an issue of statutory construction which was raised in the district court, and therefore is subject to our de novo review.

Section 3553(a) enumerates factors that a district judge must consider in determining a criminal sentence:

> (a) *Factors to be considered in imposing a sentence.* – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

-6-

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

. . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As set out *supra,* the statute under which defendant was sentenced, 21 U.S.C. § 841(b)(1)(A), provides that when there are two prior convictions for drug felonies, the court shall sentence the defendant to life. But 18 U.S.C. § 3553(a) commands that, when formulating a sentence, the district court "shall impose a sentence not greater than necessary" to satisfy the stated sentencing objectives. In effect, defendant says, a district court is required by section 3553 to impose a reasonable sentence, but such a choice conflicts with the mandatory life provision at issue here.

The government responds with an argument that seems to miss the mark. The government points out that the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply to statutory minimum sentences. *See, e.g., United States v. Harris*, 447 F.3d 1300, 1307 (10th Cir. 2006). Moreover, the government points out that in *United States v. Cherry*, 433 F.3d 698 (10th Cir. 2005), this court rejected an argument that statutory minimum sentences are unconstitutional under *Booker* because they do not allow the court to consider the section 3553 factors. The government also cites *United States v. Apperson*, 441 F.3d 1162, 1213 (10th Cir. 2006), in which this court held that all challenges to a mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) were moot because the sentence was mandatory.

It does not appear that the precise issue raised by Huskey was before the court in any of the cases cited by the government. Huskey is not arguing that the district court committed either constitutional or non-constitutional "*Booker* error," as such. *See United States v. Payton*, 405 F.3d 1168, 1172 (10th Cir. 2005). Instead, he contends that the mandatory sentence provision of 21 U.S.C. § 841(b)(1)(A) conflicts with 18 U.S.C. § 3553(a). Although *Apperson* held that "all challenges" to the mandatory sentence there were moot, it is not clear what challenges were raised, and so we do not regard that decision as dispositive here. But we find no merit in the argument in any event.

The two statutes are not in conflict. Section 3553(a) simply does not apply to mandatory sentences. The sentencing chapter in the federal criminal code which includes section 3553(a) states in the first sentence of its first section that the chapter (including

-8-

section 3553, obviously) applies "except as otherwise specifically provided . . . ." 18 U.S.C. § 3551(a). But Congress has "otherwise specifically provided" for a life sentence without release for third time drug felons. Thus Congress never intended section 3553(a) to apply to mandatory sentences.

Finally, defendant argues that imposing a life sentence without considering the factors set out in section 3553(a) violates the Eighth Amendment's prohibition of cruel and unusual punishments. This argument is simply untenable in Huskey's case, with his two previous drug felony convictions, in light of *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991), which found no constitutional infirmity where a first offender in a drug case was sentenced to life without parole for possession of more than 650 grams of cocaine. *See also Chapman v. United States*, 500 U.S. 453, 467 (1991); *United States v. Angelos*, 433 F.3d 738, 750 (10th Cir.) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime), *cert. denied,* 127 S.Ct. 723 (2006).

Accordingly the sentences are

**AFFIRMED.**