**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNON JEFFREY NOLAN,

Defendant - Appellant.

No. 08-6246
(D. Ct. No. 5:08-CR-00064-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Vernon Nolan pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Because of several prior drug convictions, Mr. Nolan qualified as an "armed career criminal," subject to a minimum fifteen-year sentence. *See id.* § 924(e)(1). The district court sentenced Mr.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nolan to the statutory minimum of fifteen years in prison, and Mr. Nolan appealed. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

In September 2007, police officers in Oklahoma City found Mr. Nolan in possession of a nine-millimeter semi-automatic firearm and eight rounds of ammunition. Because Mr. Nolan had prior felony convictions, his possession of the weapon and ammunition violated 18 U.S.C. § 922(g)(1). Mr. Nolan admits to having possessed the weapon, but he asserts that he had taken the weapon off of another man to prevent an altercation.

In the district court, Mr. Nolan pleaded guilty. He does not contest the voluntariness of that plea. Prior to his arrest in this case, Mr. Nolan had four felony convictions for possession with intent to distribute marijuana. Under the Armed Career Criminal Act, a defendant who violates § 922(g)(1), and who has three prior convictions for a "violent felony" or a "serious drug offense," must be sentenced to a minimum of fifteen years' imprisonment. *Id.* § 924(e)(1). The statute defines a "serious drug offense," in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). Mr. Nolan was convicted four times of possession with intent to distribute marijuana under Okla. Stat. tit. 63, § 2-401. The maximum penalty for

that offense is life imprisonment. *Id.* § 2-401(B)(2).[1] The district court therefore determined that Mr. Nolan was an "armed career criminal," subject to a statutory minimum sentence of fifteen years.

Before Mr. Nolan pleaded guilty, the court apprised him of his right to go to trial and of the statutory minimum penalty. On appeal, Mr. Nolan challenges his sentence on five grounds: the statutory minimum sentence violates the "separation of powers" doctrine; the sentence violates his due process rights; the sentence violates the Eighth Amendment; the sentence is greater than necessary to achieve the goals of sentencing; and the sentence violates Mr. Nolan's Second Amendment right to bear arms.

## II. DISCUSSION

This court reviews de novo the application of the Armed Career Criminal Act in sentencing. *See United States v. Gonzales*, 558 F.3d 1193, 1196 (10th Cir. 2009). We conclude that none of Mr. Nolan's arguments attacking the district court's sentence have merit. We will briefly address each of his arguments.

A.      Separation of Powers

A federal court does not violate the "separation of powers" doctrine by implementing a mandatory sentence imposed by Congress. Mr. Nolan argues that mandatory sentences give sentencing power to Congress that constitutionally belongs

---

[1]Section 2-401(B)(2) applies to drugs that do not fall within § 2-401(B)(1) and are within "Schedule I, II, III, or IV." Marijuana is a "Schedule I" drug. *Id.* § 2-204(C)(12). Section 2-401(B)(2) imposes a minimum sentence of two years and a maximum sentence of life in prison for possession of a controlled dangerous substance with intent to distribute. *Id.* § 2-401(B)(2); § 2-401(A)(1).

-3-

with the judiciary. The Supreme Court, however, has held that "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991). This court also has recognized that a mandatory sentence does not violate the separation of powers. *See United States v. Gurule*, 461 F.3d 1238, 1246 (10th Cir. 2006) ("Congress has the power . . . to determine punishments, and in the exercise of that power Congress may choose to give the judicial branch no sentencing discretion whatsoever."). Thus, Mr. Nolan's argument is foreclosed by precedent. The court's application of the mandatory fifteen-year sentence prescribed by Congress did not violate the "separation of powers" doctrine.

B.    Due Process

Mandatory sentences also do not violate a defendant's right to due process. Mr. Nolan argues that mandatory minimum sentences prevent courts from undergoing an "individualized sentencing analysis." The absence of such an analysis, he argues, violates a defendant's Fifth Amendment right to due process. Again, our precedent defeats his argument. There is no "due process right to a discretionary, individualized sentence in a noncapital case." *United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991). *See also United States v. Thomas*, 884 F.2d 540, 543 (10th Cir. 1989) ("Congress has the power to completely divest the courts of their sentencing discretion and to establish exact, mandatory sentences for all offenses . . . ."). As Mr. Nolan is not charged with a capital crime, the imposition of a mandatory sentence does not violate his right to due process.

C.    The Eighth Amendment

The application of the mandatory minimum sentence in this case does not violate the Eighth Amendment's prohibition on "cruel and unusual punishments." U.S. Const. amend. VIII. Mr. Nolan argues that the circumstances surrounding his firearm conviction, and the fact that his prior convictions involved "relatively small" quantities of marijuana, make his sentence "grossly disproportionate" to the punishment. To survive an Eighth Amendment challenge, a sentence "must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983). Our analysis focuses on "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. The Court later clarified that a "gross disproportionality principle" applies to "sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). That principle "reserves a constitutional violation for only the extraordinary case." *Id.* at 77. This court has stated that "[i]f a sentence imposed is within the prescribed statutory limits, the appellate court generally will not regard it as cruel and unusual punishment." *United States v. Gourley*, 835 F.2d 249, 253 (10th Cir. 1987).

Not only was Mr. Nolan's sentence within the statutory limits, but the district court gave him the shortest sentence allowed under law. The second and third factors in the *Helm* analysis clearly favor upholding the sentence, because no offender in Mr. Nolan's jurisdiction or elsewhere could receive a lighter sentence following the same convictions. Mr. Nolan's case is not an "extraordinary case," and thus, under *Lockyer*, the sentence

does not violate the Eighth Amendment.

D.    Achieving the Purposes of Sentencing

Mr. Nolan's sentence was not greater than necessary to achieve the purposes of sentencing. Mr. Nolan argues that the sentence was greater than necessary because he only possessed the firearm momentarily, and because his previous offenses were "minor marijuana offenses."[2] Mr. Nolan's arguments fail.

First, there is no element of time required to establish possession of a firearm within 18 U.S.C. § 922(g)(1). That Mr. Nolan may have possessed the firearm briefly does not make him less guilty of the charged offense—to which he pleaded guilty. In addition, Mr. Nolan had pleaded guilty four times to possession with intent to distribute marijuana. Congress has determined that a person who has been convicted of that offense at least three times, and who then possesses a firearm, should be sentenced to at least fifteen years in prison, regardless of any mitigating circumstances. Congress is entitled to make that judgment, and because of 18 U.S.C. § 924(e)(1), this court has no discretion to reduce Mr. Nolan's sentence based on the circumstances of his predicate crimes.

E.    The Second Amendment

The Second Amendment does not provide a shield for Mr. Nolan's conduct. Mr.

---

[2]Mr. Nolan cites no legal basis for such an argument, but he appears to be reciting the language of 18 U.S.C. § 3553(a), which provides the basis for sentence variances. That section instructs the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Paragraph (2) then describes four purposes of sentencing. *See id.* § 3553(a)(2).

Nolan cites the Supreme Court's decision in *District of Columbia v. Heller*, – U.S. –, 128 S. Ct. 2783 (2008), in asserting that his Second Amendment rights were violated. While *Heller* did acknowledge a Second Amendment right to individual gun ownership, *see id.* at 2799, the Court limited that right. Specifically, the Court wrote, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Id.* at 2816–17. Mr. Nolan was a convicted felon when he possessed the firearm in question. Thus, the Court specifically foreclosed his argument that his possession of the firearm was protected by the Second Amendment.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Nolan's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

-7-