FILED
United States Court of Appeals
Tenth Circuit

January 8, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNON JEFFREY NOLAN,

Defendant - Appellant.

No. 09-6212

(W.D. Oklahoma)

(D.C. No. 5:08-CR-00064-HE-1)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Vernon Jeffrey Nolan appeals the district court's denial

of the Motion for Modification of Sentence he brought pursuant to 18 U.S.C.

§ 3582(c)(2). In 2008, Nolan pleaded guilty to being a felon in possession of a

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Nolan*, No. 08-6246, 2009 WL 2488159 (10th Cir. Aug. 17, 2009). On direct appeal, Nolan raised five challenges to the fifteen-year mandatory sentence he received pursuant to 18 U.S.C. § 924(e)(1). *Id*. at *1. His sentence was affirmed by this court. *Id.* at *3.

Nolan then filed the § 3582(c)(2) motion that is the subject of this appeal. In his motion, Nolan argued his sentence should be modified based on changes made to § 4A1.2 of the United States Sentencing Guidelines by Amendment 709. *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). Relying on several bases, the district court ruled it did not have authority under § 3582(c)(2) to grant Nolan the relief he sought. Because Amendment 709 became effective before Nolan was sentenced, it did not *subsequently* lower his sentencing range. Thus, the district court concluded it had no power under § 3582(c)(2) to modify Nolan's sentence. *See* 18 U.S.C. § 3582(c)(2) (permitting a district court to reduce a defendant's sentence if it is based on a "sentencing range that has subsequently been lowered"). Further, because Nolan was sentenced to a minimum mandatory sentence under the Armed Career Criminal Act, the court determined that Amendment 709 has no relevance

to his sentence. The district court also rejected Nolan's *Booker* claims, concluding they are not cognizable in a § 3582(c)(2) motion. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) ("*Booker* does not provide a basis for a sentence reduction under § 3582(c)(2)." (quotation and alteration omitted)).

Nolan filed the instant appeal, challenging the district court's denial of his § 3582(c)(2) motion and raising the same arguments he made in the district court. We have reviewed the record, the appellate briefs, and the applicable law and conclude the denial of Nolan's § 3582(c)(2) motion was clearly correct. Accordingly, the district court's order denying Nolan motion is **affirmed** for substantially the reasons stated in the district court's order dated September 25, 2009. Nolan's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge