FILED
United States Court of Appeals
Tenth Circuit

July 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VERNON JEFFREY NOLAN,

      Defendant-Appellant.

No. 10-6075

(D.C. No. 5:08-CR-00064-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant-Appellant Vernon Jeffrey Nolan, appearing *pro se*, appeals the district

court's denial of his "Motion for Clarification of Referral." Exercising jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1291, we AFFIRM.

**I**

In April of 2008, Nolan pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). We affirmed Nolan's sentence on direct appeal. See United States v. Nolan, 342 F. App'x 368 (10th Cir. 2009). Nolan then filed a motion seeking to have his sentence modified pursuant to 18 U.S.C. § 3582(c)(2). The district court denied this motion and, once again, we affirmed on appeal. See United States v. Nolan, 359 F. App'x 941 (10th Cir. 2010).

Nolan subsequently filed a pleading in the district court which was captioned as an "Official, Actual, Constructive and Express Notice of Unclean Hands and Fraud, to Any and All Agents, Officers, Employees, and Attorneys of Local, State, of Federal Governments." ROA, Vol. 1, at 258. In response, the district court issued an order striking Nolan's pleading, noting that it "d[id] not assert, or state the basis for, any claim and d[id] not seek any type of relief . . . ." Id. at 275.

Nolan then filed another pleading in the district court captioned as a "Motion for Clarification of Referral, 28 U.S.C. § 636(b)(1)(B)." Id. at 276. In this motion, Nolan outlined various aspects of the power of a United States Magistrate Judge as well as various doctrines of administrative law. Nolan concluded by requesting that the district court "[r]elease him from custody on the merits of the arguments made within his

motion[] . . . ." Id. at 280.

In response, the district court entered an order which stated as follows:

[Nolan] has filed a motion in which he requests clarification of a referral to a magistrate judge. As the court did not refer any matters in this case to a magistrate judge, the motion [] is **DENIED**.

Id. at 282 (emphasis in original). Nolan then filed this timely appeal, purportedly seeking to challenge the district court's dismissal of his motion.

Because Nolan appears *pro se*, we construe his pleadings liberally. Clark v. Oklahoma, 468 F.3d 711, 713 n.1 (10th Cir. 2006). Even doing so, however, it is clear that the district court did not err in denying the "Motion for Clarification of Referral." Simply put, Nolan's pleading failed to state a request for legally cognizable relief. And, to the extent that Nolan's appellate briefing can be construed to request potentially cognizable relief, "we find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal." United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

## II

The judgment of the district court is AFFIRMED.

Entered for the Court,

Mary Beck Briscoe
Chief Judge

-3-