FILED
United States Court of Appeals
Tenth Circuit

March 30, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNON JEFFREY NOLAN,

Defendant - Appellant.

No. 11-6004

(W.D. Oklahoma)

(D.C. Nos. 5:10-CV-01326-HE and
5:08-CR-00064-HE-1)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Vernon Jeffrey Nolan, appearing pro se, requests a certificate of

appealability (COA) to appeal the district court's denial of his motion for relief

under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

dismissal of § 2255 motion). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

In 2008 Mr. Nolan pleaded guilty to being a felon in possession of a

firearm, *see* 18 U.S.C. § 922(g)(1), and was sentenced to a mandatory minimum

sentence of 15 years. *See United States v. Nolan*, 342 F. App'x 368, 370 (10th

Cir. 2009). This is his fourth trip to this court to challenge that conviction and

sentence. First, on direct appeal of his conviction, he challenged the

constitutionality of his sentence on five grounds, but we affirmed his sentence.

*See id.* at 370–71. Second, he unsuccessfully appealed the district court's denial of his motion to have his sentence modified under 18 U.S.C. § 3582(c)(2). *See United States v. Nolan*, 359 F. App'x 941 (10th Cir. 2010). Undaunted, he then filed a nonsensical "Motion for Clarification of Referral" under 28 U.S.C. § 636(b)(1)(B). *United States v. Nolan*, 387 F. App'x 883, 884 (10th Cir. 2010). The district court denied the motion, and again we affirmed. *See id*. at 883.

The present proceeding began on December 8, 2010, when Mr. Nolan filed in the United States District Court for the Western District of Oklahoma a motion for relief under § 2255. The motion is virtually incomprehensible. On December 21 the district court denied the motion on the ground that Mr. Nolan had "failed to state a basis for habeas relief." R. at 25. The court explained that "[t]he grounds asserted—'AUSA Mike Clayton decline to file charge in Sept. 2007'; 'held on state charges while indicted'; 'state prior'; and 'the separation of a consolidate case'—do not allege a constitutional violation or a basis for concluding that the judgment in this case is otherwise contrary to law." *Id.*

In this court Mr. Nolan is no more comprehensible. His three claims of error are (1) that "[i]n September of 2007 AUSA Mike Clayton decline to file charges on Mr. Nolan where he told the state to take case back to state where one count of a felon in possession of firearm was file by doing so he gave jurisdiction to the state[,]" Aplt. Br. at 5; (2) that "on February 26, 08 the state took [his] bonds pend a bond hearing, on March 5, 08 [he] received a three hundred

-2-

thousand bonds after being indicted as result of forum shopping," *id.* at 6; and (3) that he "had already served time for [his] state prior in the state not in the Federal government so that is to difference sovereignty." *Id.* Mr. Nolan filed a memorandum to accompany his brief, but it is no more intelligible. Our best guess as to its meaning—and it can only be a guess—is that he is complaining that between his indictment and his sentence on the federal charge, the federal prosecutor referred his case to the state for prosecution of a drug charge. In any event, he fails to raise an intelligible meritorious claim. He repeatedly refers to "double jeopardy" and case law on that doctrine. But he cannot complain about being prosecuted in both state and federal court. "[T]he proposition that the State and Federal Governments may punish the same conduct is too plain to need more than statement." *Heath v. Alabama*, 474 U.S. 82, 89 (1985) (parentheses and internal quotation marks omitted).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 U.S. 473, 484 (2000). Because no reasonable jurist could debate that Mr. Nolan's claims lack merit, he is not entitled to a COA.

## III.  CONCLUSION

We DENY a COA and DISMISS the appeal.  We also DENY Mr. Nolan's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge