FILED
United States Court of Appeals
Tenth Circuit

April 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEO MAX BURNS, JR.,

Defendant - Appellant.

No. 10-6083
(D.C. No. 5:09-CR-00229-F-1)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Leo Max Burns pleaded guilty in the United States District Court for the

Western District of Oklahoma to one count of being a felon in possession of a

firearm. *See* 18 U.S.C. § 922(g)(1). The district court imposed a mandatory

minimum sentence of 180 months' imprisonment after determining that

Mr. Burns's criminal history qualified him as an armed career criminal under the

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On appeal he attacks

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the constitutionality of mandatory minimum sentences and of statutes allowing a court to impose a sentence below the mandatory minimum only if the government so moves. He also appears to contend that the federal sentencing statutes permit a court to impose a sentence below the mandatory minimum even if the prosecutor does not request such a reduction in sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm because Mr. Burns's contentions are contrary to this court's precedents.

## I.      BACKGROUND

On July 21, 2009, Mr. Burns was indicted on one count of being a felon in possession of a firearm. He pleaded guilty without a plea agreement. His presentence investigation report stated that he was an armed career criminal because of his two prior convictions of burglary and one prior conviction of possession of methamphetamine with intent to distribute, and therefore faced a mandatory minimum sentence of 15 years' imprisonment. *See* 18 U.S.C. 924(e). He sought a lower sentence, however, by providing information to the government. Under 18 U.S.C. § 3553(e) the district court may impose a sentence below the mandatory minimum if the defendant provides "substantial assistance" to the government and the government moves for a downward departure. But no government agency could use Mr. Burns's information and the government did not request a sentence below the mandatory minimum.

## II.     DISCUSSION

The government argues that we should review all of Mr. Burns's arguments under a plain-error standard because he failed to preserve them properly below. Mr. Burns, at least in his reply brief, asserts that he preserved his arguments below so that our review is de novo. We tend to agree with the government. But we need not resolve the dispute on the standard of review, because there was no error.

## A. Statutory Argument

We first address Mr. Burns's statutory claims. He contends that 18 U.S.C. § 3553(e) (which gives the district court authority, subject to a motion by the government, to impose a sentence below the mandatory minimum if the defendant has provided "substantial assistance in the investigation or prosecution of another person") conflicts with 28 U.S.C. § 994(n) (which states that the sentencing guidelines should reflect the appropriateness of imposing a below-minimum sentence on a defendant who provides substantial assistance) and with 18 U.S.C. §§ 3553(a) (which directs courts to impose the minimum sentence that satisfies the statutorily enumerated purposes of sentencing). What Mr. Burns would have us infer from the alleged conflict, however, is far from clear; after asserting the conflict, he switches abruptly to his constitutional contentions. Giving him the benefit of the doubt, we will assume that he is contending that § 3553(e) is overridden by the statutes it supposedly conflicts with. But we reject this contention. Section 3553(e) is the most specific provision on the matter. As its

title states, it addresses precisely the "[l]imited authority to impose a sentence below a statutory minimum." Because it is the more precise provision, it controls over any contrary inferences that may be drawn from the language in § 3553(a) or § 994(n). *See Rosillo-Puga v. Holder*, 580 F.3d 1147, 1150 n.2 (10th Cir. 2009); *see also United States v. Huskey,* 502 F.3d 1196, 1200 (10th Cir. 2007) (§ 3553(a) does not apply to mandatory sentences). Hence, Mr. Burns is not entitled to relief based on 18 U.S.C. § 3553(a) or 28 U.S.C. § 994(n).

## B. Eighth Amendment Argument

Mr. Burns argues that mandatory minimum sentences violate the Eighth Amendment because they deprive a defendant of individualized sentencing. Absent the mandatory minimum, he argues, the district court might well have sentenced him to less than 180 months because he has "no record of violence perpetrated physically against anyone." Aplt. Br. at 21. Relying on decisions in capital cases that require an individualized inquiry, he contends that the same principle should be applied to felonies. But he ignores the Supreme Court's rejection of this very contention. In *Harmelin v. Michigan*, 501 U.S. 957, 995–96 (1991), the Court held that the capital-case requirement of individualized sentencing did not apply to a mandatory sentence of life imprisonment without the possibility of parole. Following *Harmelin*, we have rejected the claim that mandatory minimum sentences for felonies violate an Eighth Amendment right to individualized sentencing. *See Huskey,* 502 F.3d at 1197, 1200 (mandatory

minimum sentence under 21 U.S.C. § 841(b)(1)(A)); *cf. United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991) (no due-process right to individualized sentencing in noncapital case); *United States v. Nolan*, 342 F. App'x 368, 371–72 (10th Cir. 2009) (unpublished) (mandatory minimum sentence under ACCA; issue addressed as matter of due process).

Mr. Burns's reply brief on appeal seems to argue that the imposition of a mandatory minimum also violates the Eighth Amendment because of a lack of proportionality. But we decline to address the claim because he failed to argue it in his opening brief. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996) ("We decline to consider arguments raised for the first time in a reply brief.").

## C.    Separation of Powers Argument

Mr. Burns contends that 18 U.S.C. § 3553(e) violates the separation-of-powers doctrine because it allows encroachment on judicial power by the executive branch. He argues that sentencing is a power conferred upon the judiciary and although Congress shares the power "on its peripheries to the extent of determining sentencing limits generally, the encroachment occurs when it separates a certain group of offenders and mandates that the executive branch prosecution, not the judicial branch court, has the sole authority to permit a sentence below the mandatory minimum." Aplt. Br. at 11. Again, however, this argument is foreclosed by our precedent. We have held that § 3553(e) does not

violate the separation-of-powers doctrine.  *See United States v. Snell*, 922 F.2d 588, 590–91(10th Cir. 1990).

### D.    Fifth Amendment Argument

Mr. Burns argues that 18 U.S.C. § 3553(e) violates the Due Process Clause of the Fifth Amendment because the decision to make a downward-departure motion is "not governed by any standards or guidelines and thus result[s] in random, arbitrary, and disproportionate decisions."  Aplt. Br. at 4.  He asserts that "[t]he risk of arbitrary decisions or widely disproportionate determinations of what cooperation is deemed substantial is obvious and is analogous to the striking down of the death penalty statute in the per curiam opinion in *Furman v. Georgia*, 408 U.S. 238 (U.S. 1972)."  *Id.* at 12.

Once more, however, our precedent is to the contrary.  We have rejected the contention that § 3553(e) violates procedural due process absent judicial review of the prosecutor's decision not to recommend a reduced sentence.  *See United States v. Sorensen,* 915 F.2d 599, 601, 603 (10th Cir. 1990), *overruled on other grounds by United States v. Duncan,* 242 F.3d 940, 947 (10th Cir. 2001).

## III.   CONCLUSION

We AFFIRM the judgment of the district court.  The appellate briefs in this case will be unsealed 20 days from the date that this Order and Judgment is filed unless one of the parties moves to seal or redact one or more briefs, stating

specific reasons necessitating sealing or redaction.  Such a motion may be provisionally sealed.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge