**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

CHARLES RIGGINS,

      Defendant - Appellant.

No. 11-1304
(D.C. No. 1:10-CR-00082-CMA-6 )
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **BRORBY,** Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

---

Charles Riggins pled guilty to distribution of a controlled substance and conspiracy to possess a controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 846. The guilty plea subjected Riggins to a statutory 20-year minimum sentence. *See*

---

[*]Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

21 U.S.C. § 841(b)(1)(A). The prosecution moved for a five-year reduction of the mandatory minimum sentence as permitted under 18 U.S.C. § 3553(e) for Riggins' substantial assistance to prosecutors. Riggins asked the sentencing court to apply the sentencing factors in 18 U.S.C. § 3553(a) to further decrease his sentence. The court concluded it had no authority to do so and imposed the 15-year sentence the government requested. On appeal, Riggins contends the district court erred in concluding it lacked authority to use the § 3553(a) factors to further reduce his sentence.

We rejected Riggins' argument in *United States v. A.B.*, 529 F.3d 1275, 1280, 1285 (10th Cir. 2008). In *A.B.*, we concluded district courts are not "authorized . . . to consider factors other than substantial assistance in sentencing below the statutory minimum." *Id.* at 1280; *see id.* at 1285. Although Riggins believes we incorrectly decided *A.B.*, our precedents bind us "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). And, despite Riggins' assertions about our fallibility,[1] other federal appellate courts have also rejected this argument. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009) (collecting cases rejecting this argument from the second, fifth, seventh, and eleventh circuits).

We have also rejected Riggins' argument that § 3553(e) violates the separation of powers doctrine. *United States v. Snell*, 922 F.2d 588, 590-91 (10th Cir. 1990). We

---

[1] After the sentencing judge asked Riggins' defense counsel why *A.B.* did not foreclose his argument, defense counsel replied "the Tenth Circuit isn't always right . . . [a]nd it has been proven time and time again that they aren't." (R. Vol. III at 23.)

cannot revisit that decision either.

**AFFIRMED**.

**Entered by the Court:**

Terrence L. O'Brien
United States Circuit Judge